# WILSON SONSINI

1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
PHONE 212.999.5800
FAX 212.999.5899
www.wsgr.com

May 29, 2020

**VIA CM/ECF**

The Honorable Pamela K. Chen
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *United States v. Bo Mao*, No. 1:19-cr-00392 (PKC)

Dear Judge Chen:

We write in response to the Government's May 14, 2020 letter seeking an extension to file its anticipated CIPA Section 4 Submission. (ECF No. 51). According to the Government, "the current public health crisis has significantly impacted the ability of the prosecution team – and the United States government more broadly -- from making *any* meaningful progress on the work necessary" for its filing. *Id.* at 1 (emphasis added). Based on the current record, and for the reasons set forth below, the Defendant objects to the Government's request.

As we have stated previously, the Government should have, and could have, done this work before Professor's Mao's arrest and in the nine months that followed – long before there was any pandemic. Had the Government acted diligently in identifying potentially discoverable classified materials, none of the challenges it claims now would have interfered with its CIPA Section 4 Submission.

Moreover, the Government's bald assertion that it has not made "any" progress on its Section 4 Submission is, candidly, inexplicable and from our perspective, inexcusable. Although we certainly appreciate the challenges placed on all parties by the current public health crisis, the Government does not even bother to provide the Defendant, or the Court, with any explanation for why other agencies in the executive branch are unable to search their computers for potentially discoverable classified materials in this single-defendant, single count case,[1] or why the prosecution team has been so hamstrung by COVID-

---

[1] The Government seems perfectly capable of completing this process in other matters. *See*, *e.g.*, Alexandre Mallin, *Spy chief says he has begun declassification process for Flynn-Kislyak calls*, ABC News (May 22, 2020), https://abcnews.go.com/Politics/spy-chief-begun-declassification-process-flynn-kislyak-calls/story?id=70837370; J. Harney & M. Taley, *Trump Authorizes Barr to Declassify Documents*

**WILSON SONSINI**

The Honorable Pamela K. Chen
May 29, 2020
Page 2

19 to prepare its brief to the Court outlining why such materials – if they exist – should not be disclosed to Professor Mao or his attorneys.

Finally, and most importantly, notwithstanding its bald assurances to the contrary, the Government's claim that its requested three-month adjournment will not delay the current February 1, 2021 trial date is unsupported and wholly presumptuous. *First*, the Government's assertion is based on assumptions about what may be discovered during the CIPA process. As the Government apparently has not yet completed its searches of intelligence agency material, it lacks a reasonable basis for that presumption that the volume or nature of classified material eventually uncovered will not result in further delay. *Second*, the Government's assurance that an extension will not delay the trial presumes its CIPA Section 4 Submission will not result in disclosure of those materials (or substitutes for them) to the Defendant – either because no discoverable materials are found or because it prevails before this Court. To the extent that further disclosure to the Defendant is required, we would of course need time to translate, analyze, investigate and act on those materials, all within a very short window prior to the February 1, 2021 trial. And *third*, the Government assumes that no further briefing or proceedings will be necessary pursuant to CIPA Sections 5 and 6 concerning the use of classified material by the defense at trial. There are, of course, no guarantees for any of the Government's assumptions.

As the Court is aware, Professor Mao was arrested ten months ago. Since then, he has been stranded in a foreign country, thousands of miles away from home, with no ability to financially support his young family. Notwithstanding the unspecified challenges the Government now claims to face, the Sixth Amendment to the Constitution guarantees Professor Mao a Speedy Trial. Meanwhile, there are six weeks until the Government's current July 2, 2020 deadline. We respectfully submit that maintaining that deadline will provide the necessary motivation to the prosecution team – and the Government more broadly, including other agencies in the executive branch – to ensure that Professor Mao waits no longer than necessary for the speedy trial to which he is entitled. At the very least, the Government should be required to inform the Court of the steps taken since its last filing, and the specific reasons why it cannot meet the deadline the Court previously set, before any extension is granted.

---

*in 'Spying' Probe*, Bloomberg (May 24, 2019), https://www.bloomberg.com/news/articles/2019-05-24/trump-authorizes-barr-to-declassify-documents-in-spying-probe.

**WILSON SONSINI**

The Honorable Pamela K. Chen
May 29, 2020
Page 3

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*s/ Morris J. Fodeman*
Morris J. Fodeman
Michael S. Sommer
Kate T. McCarthy
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
mfodeman@wsgr.com
msommer@wsgr.com
kmccarthy@wsgr.com

*Counsel for Defendant Bo Mao*

cc: All Counsel of Record (via CM/ECF)