**WILSON SONSINI**

Wilson Sonsini Goodrich & Rosati
Professional Corporation

1301 Avenue of the Americas
40th Floor
New York, New York 10019-6022

o: 212.999.5800
f: 212.999.5899

November 30, 2020

<u>**VIA CM/ECF**</u>

The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Re:  <u>*United States v. Bo Mao*</u>, No. 1:19-cr-00392-PKC

Dear Judge Chen:

Along with Richard B. Roper, III, Esq. of Thompson & Knight LLP, we are counsel to Professor Bo Mao, the defendant in the above-referenced case. We respectfully submit this letter to apprise the Court of certain issues relating to tomorrow morning's change of plea hearing so that the Court has all relevant information. We apologize for the late timing of this submission as we had originally intended to raise these issues at the hearing itself, but then decided that it was more prudent to give Your Honor at least some advance notice of these issues.

As the Court is aware, it has been the fervent desire of our client to return with his wife and two young children to his home in China and to his research position at Xiamen University. That principal aspiration of our client is what has now led to the potential disposition of this matter that is being proposed to the Court by the government and the defense in the form of an Fed. R. Crim. P. 11(c)(1)(C) plea by Professor Mao of having made a false statement to the FBI upon his arrest on August 14, 2019. Should the Court accept the plea being proposed by the parties, the one count wire fraud indictment against Professor Mao will be dismissed at sentencing. In the event the Court accepts this disposition, Professor Mao would leave the United States and return to China on December 16, 2020, two days after his sentencing. The proximity of this date to the sentencing was dictated by the incredible difficulty in securing flights to China during the pandemic. Indeed, we were able to secure only three seats on the December 16th flight with no other options for several weeks – Professor Mao's youngest child will sit on his parents' lap.

There are four issues we wish to apprise the Court of in connection with Professor Mao's anticipated guilty plea.

*First*, if the Court is inclined to accept the disposition of this matter that is being proposed jointly by the government and the defense, we will be asking the Court to Order that Professor Mao's passport now be returned to and held by counsel for Professor Mao until the Professor is sentenced on December 14, 2020. By having the passport in the possession of counsel, Professor Mao and his family will be able to get the Covid testing required before they board their flight on December 16, 2020. Moreover, by having the passport in the possession of counsel, we can also

**WILSON SONSINI**

The Honorable Pamela K. Chen
November 30, 2020
Page 2 of 3

avoid any potential delay in securing the passport from Pretrial Services in Brooklyn for Professor Mao, who is departing from Texas, between the date of sentencing, December 14, 2020, and the planned departure on December 16, 2020. We have raised this issue with the government, and we understand that it does not object to this request. We will be submitting a Proposed Order to this effect tomorrow.

*Second*, as a corollary to the above, we will be asking the Court to Order that Professor Mao's ankle bracelet be removed by Pretrial Services no later than December 13, 2020. Again, by taking this prophylactic step, we can avoid the possibility of a delay in Professor Mao's departure based on Pretrial Services being unavailable to remove the bracelet on the one day between sentencing and departure. Again, we have raised this issue with the government, and we understand that it does not object to this request. We will also be submitting a Proposed Order to this effect tomorrow.

*Third*, as the Court may recall, Professor Mao was arrested last August just days before he and his family were scheduled to return to China. Since being released on bail, he has remained in this country in full compliance with his conditions of release. Yet as a result of the above, his work visa and I-94 have both expired. We understand that the expiration of both the work visa and the I-94 raise the possibility that Professor Mao's departure could be delayed at his point of departure without some documentation making clear that he is permitted to leave the country. Accordingly, we will be submitting to Your Honor in advance of sentencing a Proposed Order for the Court's consideration making clear that neither Professor Mao's expired visa nor his expired I-94 should be a basis for delaying his departure from this country. As we just learned of this issue this evening, we have not had occasion to raise it with the government.

*Fourth and finally*, a material aspect of the proposed disposition of this case is Professor Mao's ability to immediately return home with his family. As a result, we have sought to take all possible steps to assure that nothing else might delay or prevent his departure on December 16, 2020 – should the Court accept the proposed Fed. R. Crim. P. 11(c)(1)(C) disposition. We therefore asked the government to confirm that it was unaware of any action by any federal, state or local prosecuting office or administrative agency that might delay or prevent Professor Mao's departure on December 16, 2020. The government has confirmed to us that it is not aware of any such pending or planned action. While this assurance is not included in the written plea agreement, it has been confirmed by the government in writing, and as it is perhaps the most critical aspect to Professor Mao, we wanted to make sure the Court was aware of this in advance of the plea hearing moving forward.

Relatedly, the plea agreement calls for the Court to impose a sentence that includes a period of supervised release. We have no objection to this provided that it does not stand in the way of Professor Mao leaving the country. In our discussions with Pretrial Services and the Probation Department, however, we have been advised that if the sentence includes supervised release but no specific order that the defendant is permitted to leave the country, the position of Pretrial Services and Probation Department would be that the defendant may not leave the country. Here, as the

WILSON SONSINI

The Honorable Pamela K. Chen
November 30, 2020
Page 3 of 3

government has consented to Professor Mao leaving the country notwithstanding a sentence that includes a period of supervised release, we will be asking the Court to Order as a condition of Professor Mao's sentence that he shall be allowed forthwith to leave the country notwithstanding any term of supervised release.

  We look forward to speaking with the Court tomorrow morning, and we will certainly answer any questions the Court may have in connection with these issues.

            Respectfully submitted,

            WILSON SONSINI GOODRICH & ROSATI
            Professional Corporation

            *s/ Morris J. Fodeman*
            Morris J. Fodeman
            Michael S. Sommer

            THOMPSON & KNIGHT LLP

            *s/ Richard B. Roper, III*
            Richard B. Roper, III

            *Counsel for Professor Bo Mao*

cc: All Counsel of Record (via CM/ECF)